UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| vs. | § § | |
| LUIS DURAN MONTILLA<br>GERSON ADONY CHICAS ALFARO<br>KEVEN ARMANDO MARCANO<br>ELLOY FIGUEROA PEDRAZA<br>CITLALI MARTINEZ-MORALES, | § § § § § § | CASE NO. 4:24-cr-225 |
| Defendants. | § § | |

### GOVERNMENT'S MOTION TO CERTIFY CASE AS COMPLEX AND FOR A CONTINUANCE

The United States of America, by and through Alamdar S. Hamdani, United States Attorney for the Southern District of Texas, and John Ganz, Assistant United States Attorney, moves the Court to designate this case complex and continue the existing filing deadlines and trial date. In support, the United States shows the following:

I.

The government files this motion to certify the above-referenced case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

II.

A grand jury sitting in the Southern District of Texas indicted the above-named five Defendants on April 30, 2024 on charges of Kidnapping and Hostage Taking (ECF 47). A photo the kidnappers sent to a victim's family illustrates the brutality of the defendants' crime. The man tied up and face down is a hostage who was rescued during a commando raid by the FBI's elite

1

Hostage Rescue Team earlier this month:



    Three defendants were arraigned on May 7, 2024; the remaining two will be arraigned during the week of May 13, 2024. An additional defendant was arrested in the Middle District of Pennsylvania on May 8, 2024 and ordered detained on May 14, 2024. The Government expects to

indict him in a superseding indictment within the next 21 days.

II.

The Speedy Trial Act (the "Act") requires that a defendant's trial must generally commence within 70 days of their indictment or first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). The Act, however, excludes certain periods from this computation, including continuances granted for complex cases.

The Court may toll the 70-day period by granting a continuance based on the Court's finding that the ends of justice are served if granting a continuance outweighs the best interest of the public and the defendant in a speedy trial. *Id.* at § 3161(h)(7)(A). In determining whether to grant a complex case continuance, the Court must consider factors such as:

(1) whether the failure to grant such a continuance would result in a miscarriage of justice;

(2) whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the prescribed time limit; and

(3) whether the failure to grant such a continuance, which, taken as a whole, is not so unusual or so complex as to fall within the above provision, would deny counsel for the defendant or attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id.* at §§ 3161(h)(7)(B)(i), (ii) & (iv).

In addition to the nature of the case and the number of defendants, federal courts have also considered the volume of discovery and investigative materials in designating cases as complex. *See e.g.*, *United States v. Edelkind*, 525 F.3d 388, 397 (5th Cir. 2008)(noting that the district court had designated a criminal child support case as complex due to voluminous documents, sealed

3

documents, and the logistical complications caused by Hurricane Katrina). In addition, the Fifth Circuit has recognized at a designation based on the volume of discovery and complexity of the case is consistent with cases interpreting the Act. *See e.g.*, *United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002)(upholding a continuance based on an "ends of justice" analysis after the district court designated the case complex based on the high volume of discovery); *United States v. Eversole*, 783 F. Supp. 2d 972, 975 n.5 (S.D. Tex. 2011)(granting an "ends of justice" continuance, based in part, on the amount of discovery involved).

III.

In light of these standards, the Government affirms the following:

A. This prosecution involves five defendants charged with kidnapping and hostage taking. The Government expects to indict additional individuals in the next several weeks, including a sixth defendant who was arrested in the Middle District of Pennsylvania on May 8, 2024. Those people may be charged with the same crimes listed in the Indictment and/or related crimes such as Conspiracy, Wire Fraud and/or Ransom Money. In addition, there are approximately 10 other individuals whom the FBI has connected to the crime who are under investigation as possible indictment targets and who, consequently, may be indicted in this case.

B. The hostages were rescued from a rental home in Houston, Texas. Available evidence suggests that the crime began in earnest in San Antonio, Texas. In addition, the incident extended to South Carolina and New York, where people who paid extortion money to the kidnappers live, and Pennsylvania, where the most recent defendant was arrested on May 8, 2024. Investigators believe the conspiracy

4

        reached at least one other state as well. The Government expects to gather additional evidence and perhaps identify additional indictment targets from these various locations as the investigation continues.

C.     The FBI case file at present includes over 100 reports of investigation. Each report contains a textual description of the issue/item in question plus attachments, at least some of which are voluminous. The Government expects this body to grow substantially as it processes evidence in its possession (see Paragraph D, *infra*) and obtains additional evidence, especially from mobile phones, social media accounts and financial records.[1]

D.     Mobile phones will likely provide important evidence of the Defendants' crimes, in part because the hostages told investigators that the kidnappers used their mobile phones constantly during their days-long ordeal. The FBI is currently waiting for code-breaking software to unlock several phones for which it obtained search warrants. The contents of those phones will likely be voluminous.

E.     The prosecution involves a number of law enforcement body camera recordings, including recordings from the raid that freed the hostages and the traffic stop during which two defendants were arrested.

F.     The hostages were held at three different rental homes in the Houston area before being rescued and stayed at each of those homes for a period of days. Each home was equipped with external security cameras, footage of which was stored and

---

[1] The kidnappers received ransom payments via Zelle and Western Union, with ransom payments were sent to multiple individuals. The Government is awaiting responses to subpoenas to these companies.

      managed by a third-party provider. The government is in the process of obtaining the days-long footage from each home's respective provider service. Thus, there are multiple hours of surveillance footage from each house that attorneys for both the Government and defense will need to review to prepare for trial.

G.     The investigation includes multiple recorded jail calls for a Harris County inmate whose exact connection to the case is, at present, undetermined. That individual may, however, eventually be indicted.

H.     Should this case proceed to trial, the Government expects to present testimony from fingerprint, DNA and mobile phone extraction experts.

I.     The prosecution intends to call witnesses from various local and Federal agencies that will likely require lengthy coordination and logistical efforts, especially because law enforcement officers in Texas, New York, Pennsylvania and South Carolina have investigated the crimes at issue.

## IV.

For these reasons, the government believes that the case is so complex due to the number of defendants and the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the time limits 18 U.S.C. § 3161 imposes. The additional time a complex case designation allows will help ensure that the jury has a comprehensive body of evidence upon which to render its verdict. This approach serves the ends of justice.

WHEREFORE, the government respectfully requests that the Court certify this case as complex, toll the time limits under the Speedy Trial Act, and issue a scheduling order reflecting a trial date the Court deems appropriate, considering the matters stated herein.

Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney

*/s/ John S. Ganz*
John S. Ganz
Assistant United States Attorney
Illinois ARDC #6289542
1000 Louisiana Street, Suite 2300
Houston, TX 77002
PH: 713-567-9000

## **CERTIFICATE OF CONFERENCE**

I certify that on May 9, 2024, I emailed all counsel of record stating my intention to file this motion and asking whether they would oppose it.

Attorney Ali Fazell replied that he did not oppose the motion.

Attorneys Joshua Lake and Jason Winton replied that they opposed the motion.

Attorneys Alejandro Macias and Tatiana Oblando did not reply.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2024, a copy of the government's Motion to Certify Case as Complex was filed via CM/ECF and automatically served on all counsel of record.

                                              */s/ John S. Ganz*
                                              JOHN S. GANZ
                                              Trial Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| vs. | § |
| | § |
| **LUIS DURAN MONTILLA** | § CASE NO. 4:24-cr-225 |
| **GERSON ADONY CHICAS ALFARO** | § |
| **KEVEN ARMANDO MARCANO** | § |
| **ELLOY FIGUEROA PEDRAZA** | § |
| **CITLALI MARTINEZ-MORALES,** | § |
| | § |
| **Defendants.** | § |

## ORDER GRANTING GOVERNMENT'S MOTION TO CERTIFY CASE AS COMPLEX

The Court has considered the United States' Motion to Designate the Case as Complex and for a Continuance under 18 U.S.C. § 3161(h)(7)(B)(i), (ii) & (iv), which constitutes excludable time under the Speedy Trial Act. After considering the Motion, any response, and any arguments of counsel, the Court **GRANTS** the Motion.

Accordingly, the Court **ORDERS** that the above-styled and numbered cause is certified as a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and the deadlines in any prior Scheduling Orders issued in this matter are continued. A status conference is hereby scheduled for _____, 2024.

Dated this ___ day of _____, 2024.

_____
HONORABLE EWING WERLEIN JR.
SENIOR UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF TEXAS